UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24583-CIV-HOEVELER

ASPEN SPECIALTY INSURANCE,
COMPANY,

    Plaintiff,

v.

EVANSTON INSURANCE COMPANY, and
CARIBBEAN FIBRES, INC.,

    Defendants.

_____/

## ORDER DISMISSING, WITHOUT PREJUDICE, DEFENDANT EVANSTON AND ORDER ON SEVERAL PENDING MATTERS

As an initial matter, the Court has reviewed the Motion to Dismiss filed by Evanston and, noting Aspen's lack of opposition to the Motion, dismisses Evanston as a Defendant in this matter.[1]

As to the Motion to Strike, filed by Caribbean Fibres, regarding Aspen's request for attorney's fees, the Court has determined that the matter shall be denied, without prejudice, for the following reasons. In its Complaint, Aspen requests attorney's fees from Defendant pursuant to Fla. Stat. § 627.428 and "any other applicable provisions of law." (Compl. ¶ XIV.) Defendant argues that Aspen is

---

[1] Aspen may join Evanston as a defendant at a later time if and when the statutory requirements under Fla. Stat. § 627.4136 are met.

not entitled to recover attorney's fees from Caribbean Fibres under Fla. Stat. § 627.428 because the statute only applies to insurers as defendants, and Caribbean Fibres is not an insurer. The Court agrees.

As an alternative argument in support of its claim for attorney's fees, Aspen argues that it is entitled to attorney's fees as its insured's subrogee under the lease contract between its insured and Caribbean Fibres. Aspen cites paragraph 27(c) of the lease, which states that the "Lessee agrees to pay all legal fees and expenses incurred by the Lessor in enforcing any terms hereunder, or incident to any litigation or negotiation in which Lessor shall become involved . . . through or on account of this lease, including appellate fees, if applicable." (Dkt. No. 17, Exhibit: Business Lease.) Aspen also references provisions of the lease (apparently those found in paragraph 12) that provide for Caribbean Fibres' indemnification of the lessor in the event of damage to the building and for any resulting attorney's fees. Aspen asserts that it is entitled to pursue all of the rights and remedies available to its insured under the contract as its insured's subrogee.

Caribbean Fibres counters first by arguing that Aspen cannot now sue under a contract theory because the only cause of action stated in the Complaint is for negligence. (Compl., ¶ X.) The Court notes that Aspen has alleged liability pursuant to the lease contract in Paragraph XI of the Complaint, in addition to the negligence claim. Caribbean Fibres also contends that Aspen is not entitled to attorney's fees because the clause in the lease regarding attorney's fees does not apply to a cause of action involving a subrogation claim such as this present claim. Additionally,

Caribbean Fibres argues that Aspen cannot sue under the lease contract because Aspen is not a party to the contract and the lessor never assigned the contract to Aspen.

It is currently unclear to the Court what, if any, rights Aspen may have as a subrogee under the lease contract signed by its insured and Caribbean Fibres, e.g. issues remain as to assignment of the contract, existence of the lessor's approval for Aspen to file suit under the contract, and to what extent the lease's indemnity and attorney's fees clauses may apply specifically to this matter. As it is too early to render a decision on the validity of Aspen's claim that it is entitled to attorney's fees, the Motion to Strike must be denied.

Finally, as to Defendant's Motion for Attorney's Fees, the Court has reviewed the matter and has determined that the Motion shall be denied, without prejudice. Fla. Stat. § 57.105(7) states that when a contract provides for attorney's fees for one party and that party takes legal action to enforce the contract, the court may award reasonable attorney's fees to the other party if that party prevails in a lawsuit brought under the contract. As discussed above, the Court has not yet determined whether the lease contract's provision for fees is applicable in this case. Moreover, S.D. Fla. L.R. 7.3(a)(1) dictates that motions for attorney's fees shall only be filed within 60 after the entry of a final judgment. Based on the above reasons, it is ORDERED and ADJUDGED that:

- Evanston's Motion to Dismiss is GRANTED.[2]

---

[2] The Court notes that Plaintiff may proceed against Evanston at a later date, if appropriate.

- Defendant's Motion to Strike is DENIED, without prejudice.[3]

- Defendant's Motion for Attorney's Fees is DENIED, without prejudice.

DONE AND ORDERED in Miami, Florida, this ___ day of ~~June~~ august 6th, 2012.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to: counsel of record

---

[3] Plaintiff's Motion for Leave to File Sur-Reply is GRANTED, *nunc pro tunc.*